IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARICELA GARCIA, ) ) Plaintiff, ) ) vs. ) ) HOLTZMAN TRUCKING CO., INC., ) DAVID WALKER, and ) RUXER FORD LINCOLN, INC., ) ) Defendants. ) | CASE NO.:  3:21-cv-125 |

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

Comes now the Plaintiff, Maricela Garcia, by counsel, and for her Complaint for Damages against the Defendants, Holtzman Trucking Co., Inc., David Walker, and Ruxer Ford Lincoln, Inc., alleges and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff, Maricela Garcia, is a resident of Weslaco, Hidalgo County, Texas.

2. The Defendant, David Walker, is a resident of Tell City, Perry County, Indiana residing at 1037 13th St., Tell City, IN 47586.

3. The Defendant, Holtzman Trucking Co., Inc., is an Indiana company with its principal place of business located in Tell City, Perry County, Indiana.

4. The registered agent of the Defendant, Holtzman Trucking Co., Inc., is Brad Arnold, 1435 21st Street, Tell City, Indiana.

5. The Defendant, Ruxer Ford Lincoln, Inc., is an Indiana company with its principal place of business in Jasper, Indiana.

6. The registered agent for Ruxer Ford Lincoln, Inc. is Ronald C. Smith, 300 North

1

Meridian Street, Suite 1650, Indianapolis, Indiana 46204.

7. This is a civil action for monetary damages over which the Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

8. Venue in the Southern District of Indiana, Evansville Division, is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Indiana, Evansville Division.

## STATEMENT OF CLAIM

9. All acts and omissions of the Defendant, Ruxer Ford Lincoln, Inc. herein alleged were performed or omitted by employees, agents, and/or representatives of Ruxer Ford Lincoln, Inc. while they were acting within the scope and course of their employment or agency with Ruxer Ford Lincoln, Inc.

10. At all times material hereto, Holtzman Trucking Co, Inc. operated as a motor carrier engaged in interstate commerce and is registered with the United States Department of Transportation under DOT #: 672442. The provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") § 301-399 are applicable in this case and the Defendants were required to obey these regulations at the time of the incident and at all relevant times prior to the incident.

11. All acts and omissions of the Defendant, Holtzman Trucking Co., Inc., herein alleged were performed or omitted by employees, agents, and/or representatives of Holtzman Trucking Co., Inc., while they were acting within the scope and course of their employment or agency with Holtzman Trucking Co., Inc.

12. At all times relevant herein, there existed in Madison County, Kentucky, a public roadway known as Interstate 75, which runs generally in a northerly and southerly direction.

13. On August 16, 2019 at approximately 10:33 a.m., the Plaintiff, Maricela Garcia, was traveling northbound on Interstate 75 in the left lane at or near milepoint 95.110, approximately 7 miles north of Richmond, Madison County, Kentucky. The Plaintiff was operating a 2015 Buick Verano.

14. At said time, the Defendant, David Walker, was traveling southbound on Interstate 75 at or near milepoint 95.110 approximately 7 miles north of Richmond, Madison County, Kentucky in the left lane through Madison County, Kentucky. The Defendant was operating a 2005 International flatbed tractor and trailer.

15. At said time and place, a tire detached from the trailer. The tire traveled across the concrete barrier of Interstate 75 and struck the windshield of the Plaintiff's vehicle.

16. Upon information and belief, the 2005 International flatbed tractor and trailer driven by the Defendant, David Walker, was owned by the Defendant, Holtzman Trucking Co., Inc.

17. At the time of the incident, the Defendant, David Walker, was operating the 2005 International flatbed tractor and trailer in the scope and course of his employment, agency, and/or with the express permission of the Defendant, Holtzman Trucking Co., Inc., which is vicariously liable for the negligence and damages caused by the Defendant, David Walker.

18. The Defendant, Holtzman Trucking Co., Inc., by and through its employee, agent, or representative, David Walker, and the Defendant, David Walker, individually, were careless and negligent including, but not limited to, one or more of the following ways:

   a. David Walker carelessly and negligently operated or maintained the tractor and trailer so that a tire and wheel crossed over into the Northbound lanes of Interstate 75;

   b. David Walker failed to properly inspect the vehicle he was operating at the time of the collision;

    c. David Walker carelessly and negligently operated his tractor and trailer in a manner that an ordinarily careful person would not have under the same or similar circumstances;

    d. David Walker carelessly and negligently operated a commercial vehicle in violation of state and federal statutes and regulations, including but not limited to applicable state laws and regulations as well as the applicable Federal Motor Carrier Safety Regulations.

19. The Defendant, Holtzman Trucking Co., Inc., was careless and negligent including, but not limited to, in one or more of the following ways:

    a. Holtzman Trucking Co., Inc., was negligent in the maintenance and/or inspection of the tractor and trailer operated by David Walker;

    b. Holtzman Trucking Co., Inc., carelessly and negligently failed to maintain its commercial vehicles in good working order;

    c. Holtzman Trucking Co., Inc., carelessly and negligently failed to develop, promulgate, adopt, and/or implement safety, maintenance, and inspection policies, procedures, and practices for its drivers, including, but not limited to David Walker;

    d. Holtzman Trucking Co., Inc., carelessly and negligently failed to inspect its vehicles as required by the FMCSR;

    e. Holtzman Trucking Co., Inc., failed to have proper maintenance and/or inspection policies and procedures in place so as to ensure regular and adequate inspections of the tractor and trailer operated by David Walker.

20. On or prior to August 16, 2019, the Defendant Ruxer Ford Lincoln, Inc. performed maintenance and/or service on the tractor and trailer operated by the Defendant David Walker.

21. The Defendant Ruxer Ford Lincoln, Inc. was careless and negligent in the service, maintenance, and/or inspection of the 2005 International flatbed tractor and trailer operated by Defendant David Walker including, but not limited to, in the following ways:

    a. Ruxer Ford Lincoln, Inc., failed to properly inspect and/or service the 2005 International tractor trailer;

    b. Ruxer Ford Lincoln, Inc., failed to properly maintain the 2005 International tractor trailer;

    c. Ruxer Ford Lincoln, Inc., failed to properly secure the wheels and tires to the 2005 International tractor trailer so as to prevent the wheels and tires from dislodging or coming off of the tractor trailer.

22. Plaintiff may rely upon the doctrine of res ipsa loquitur in the prosecution of the claim against the Defendants.

23. Defendants acted with malice, fraud, gross negligence, or oppressiveness, which was not the result of a mistake of fact, an honest error of judgment, overzealousness, ordinary negligence, or other human failing.

24. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff, Maricela Garcia, sustained severe personal injuries, which have resulted in physical pain and mental suffering.

25. As a direct and proximate result of her injuries and their effect upon her, the Plaintiff, Maricela Garcia, in order to attempt to treat her injuries and lessen her physical pain, has been required to engage the services of medical providers for medical treatment, and has incurred reasonable medical expenses as a result.

26. As a direct and proximate result of her injuries and their effect upon her, the Plaintiff, Maricela Garcia, will require additional medical care and will incur additional medical expenses in the future.

27. As a direct and proximate result of her injuries and their effect upon her, the Plaintiff, Maricela Garcia, has experienced, and will experience in the future, physical pain and mental suffering.

28. As a direct and proximate result of her injuries and their effects upon her, the Plaintiff, Maricela Garcia, has been forced to miss work and will miss additional work in the future, thereby incurring a loss of wages and/or income.

29. As a direct and proximate result of her injuries and their effects upon her, the Plaintiff, Maricela Garcia, may have suffered a loss or impairment of earning capacity.

30. As a direct and proximate result of the carelessness and negligence of the Defendants, the daily life activities of the Plaintiff, Maricela Garcia, have been permanently and adversely affected to her detriment.

31. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff, Maricela Garcia, has been damaged.

32. The conduct described above justifies the awarding of punitive damages against Defendants in order to punish them, deter them in the future, and act as a deterrent to others who might be tempted to act in a similar manner.

WHEREFORE, the Plaintiff, Maricela Garcia, prays for judgment against the Defendants, Holtzman Trucking Co., Inc., David Walker, and Ruxer Ford Lincoln, Inc., in an amount commensurate with her injuries and damages, for costs of this action, and for all other just and proper relief.

Respectfully submitted,

s/Todd C. Barsumian
Todd C. Barsumian, IN #20778-82
**BARSUMIAN ARMIGER LLC**
5455 Old Indiana 261
Newburgh, Indiana 47630
Phone: (812) 490-0820
Fax: (812) 490-0821
todd@barsumianlaw.com

**JURY TRIAL DEMAND**

Come now the Plaintiff, Maricela Garcia, by counsel, and respectfully requests that the above matter be tried by a jury.

Respectfully submitted,

s/Todd C. Barsumian
Todd C. Barsumian, IN #20778-82
**BARSUMIAN ARMIGER LLC**
5455 Old Indiana 261
Newburgh, Indiana 47630
Phone: (812) 490-0820
Fax: (812) 490-0821
todd@barsumianlaw.com